# CIVIL DOCKET, DISTRICT COURT

CASE NO. B-0204369-

| NUMBER OF CASE | NAMES OF PARTIES | ATTORNEYS | KIND OF ACTION | DATE OF FILING |
|---|---|---|---|---|
| B-0204369- | SHIELDS, EARNEST | BATTEN, EDWARD R PLFT | CONSUMER/COMMERCIAL | 8/23/2019 |
| | VS | NO ATTORNEY AT THIS TIME DEFT | | |
| | WRIGHT NATIONAL INSURANCE COMPANY | | DISPOSITION DATE | JURY FEE   DATE |

| DATE OF ORDERS | ORDERS OF THE COURT | PROCESS |
|---|---|---|
| | | |

**EXHIBIT B**

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

NOV 04 2019

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
BY _____
DEPUTY

CAUSE NO:

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
8/23/2019 10:37 PM
JAMIE SMITH
DISTRICT CLERK
B-204369

EARNEST SHIELDS, §
Plaintiff §
§
§
VS. §
§
TEXAS WINDSTORM §
INSURANCE AGENCY and §

WRIGHT NATIONAL FLOOD
IN THE DISTRICT COURT OF

JEFFERSON COUNTY, TEXAS

INSURANCE COMPANY,
Defendants

§ _

JUDICIAL  DISTRICT

PLAINTIEES' ORIGINAL PETITION,

TO THE HONORABLE JUDGE OF SAID COURT:

> **NOW COMES**, EARNEST SHIELDS hereinafter called Plaintiff, complaining of and about TEXAS WINDSTORM INSURANCE AGENCY and WRIGHT NATIONAL FLOOD INSURANCE COMPANY, hereinafter called Defendants, and for cause of action show unto the Court the following:

DISCOVERY CONTROL PLAN LEVEL

- EARNEST SHIELDS, Plaintiff affirmatively pleads that he seeks only monetary relief no more than $75,000 including damages of any kind, penalties, costs, expenses, pre judgment interest, and attorney fees, and intend that discovery be conducted under Discovery Level 2.
PARTIES AND SERVICE

- Plaintiff is an individual that owns real property in JEFFERSON County, Texas.

- Defendants, TEXAS WINDSTORM INSURANCE AGENCY ("TWIA") and WRIGHT NATIONAL FLOOD INSURANCE COMPANY is an insurance company engaging in the business of insurance in the State of Texas. TWIA may be served with process through its general manager or any other officer or director at its general place of business at 5700 South Mopac Expressway, Building E, Suite 530, Austin, Texas 78749. WRIGHT NATIONAL FLOOD INSURANCE COMPANY may be served with process

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 04, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith          Page 1 of 10

through its general manager, or any other officer or director at its general place of

business 801 94th Ave. North, Ste 110, St. Petersburg, FL 33702.


## JURISDICTION AND VENUE

- This Court has subject matter jurisdiction over this action because Plaintiff seeks damages within the jurisdictional limits of this Court and because the causes of action asserted herein are not subject to exclusive jurisdiction in another Court.
- This Court has jurisdiction over TWIA because this TWIA is an insurance company that engages in the business of insurance in Texas, and Plaintiff's cause of action arose out of this TWIA's business activities in Texas.
- This Court has jurisdiction over WRIGHT NATIONAL FLOOD INSURANCE COMPANY because this WRIGHT NATIONAL FLOOD INSURANCE COMPANY is an insurance company that engages in the business of insurance in Texas, and Plaintiff's cause of action arose out of this WRIGHT NATIONAL FLOOD INSURANCE COMPANY's business activities in Texas.
- Venue in JEFFERSON County is proper in this cause pursuant to Section 17.56 of the Texas Business and Commerce Code and under Section 15.002(a)(l) of the Texas Civil Practice and Remedies Code because a substantial part of the events or omissions giving rise to this lawsuit occurred in JEFFERSON County, Texas. Furthermore, venue is proper in JEFFERSON County, Texas because the insured property is in this county.

FACTS

- Plaintiff is the owner of a Texas Homeowner's Insurance policy (hereinafter referred to as "the Policy"), which as issued by Defendants.
- Defendants sold and issued Plaintiff the Policy insuring the property against damages caused by hail, windstorm and other covered perils.
- During the effective policy period, Plaintiff owned real property with improvements located at 1621 DUFF DR., PORT ARTHUR, TX 77642, located in Jefferson County, Texas (hereinafter referred to as the "Property").
- During the effective policy period, the Property described above sustained severe damages to the roof due to the direct force of wind and hail. As a result, the inside of the Property sustained resulting water damage from storm created openings in the roof

Page 2

- Plaintiff duly notified Defendants of the damage sustained and asked that Defendants pay for the damages to the Property and other damages covered by the terms of the Policy.
- Defendants then assigned Plaintiff Claim No. 17 0022775 (hereinafter "the Claim") and assigned an adjuster, agent, representative of Defendants to perform a site inspection of the damages and evaluate and process the Claim.
- Defendants improperly adjusted Plaintiff's claim and failed to conduct a reasonable and thorough investigation of the covered damages. Without limitation the report misrepresented the cause of, scope of, and cost to repair the damage to Plaintiff's home, as well as the amount of insurance coverage for Plaintiff's losses under the Policy. Defendants made these and other false representations to Plaintiff, either knowingly or recklessly. Defendants made these false representations with the intent that Plaintiff act in accordance with the misrepresentations. Plaintiff relied on their misrepresentations, including but not limited to, those regarding the cause of, scope of, and cost to repair the damage to Plaintiff's property. Plaintiff has been damaged as a result of that reliance.
- The inspection of Plaintiff's Property on SEPTEMBER 15, 2017 was brief, substandard and inadequate. The report failed to include all the damages that were observed during the

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

November 04, 2019

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Jamie Smith
Page 2 of 10

inspection and undervalued the damages and ultimately denied/underpaid the Claim. Despite the existence of obvious and easily identifiable damages, the report claimed there were minimal storm related damages and the condition of the roof was misrepresented as well as the cause of water intrusion and interior damages. Defendants' liability for the extension of further coverage and further payment was reasonably clear.

Page 3

• Plaintiff was entitled to receive benefits that were covered by the insurance policy.

   However, Defendants performed an outcome-oriented investigation of Plaintiff's Claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the Property. Defendants has delayed payment to Plaintiff for necessary and covered Property damages under the Policy. To date, Defendants has yet to make a full payment on the Claim.

• Plaintiff was forced to hire his own representative to inspect and evaluate the obvious damages to the Property that Defendants deliberately ignored to avoid payment on the Claim. Additionally, as a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain an attorney to prosecute the claim for insurance benefits to which he is entitled.

• Plaintiff's experience is not an isolated case. The wrongful acts and omissions Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regards to handling these types of claims. Defendants' entire claim process is unfairly designed to reach favorable outcomes for the companies at the expense of the policyholder.

• As set forth below, Defendants failed to comply with the Policy, the Texas Insurance Code and Texas law in handling Plaintiff's Claim by:

• Wrongfully denying Plaintiff's Claim for full repairs to the Property even though the Policy provides coverage for losses such as those Plaintiff is claiming;

• Underpaying some of Plaintiff's Claim by not providing full coverage for damages sustained to the Property;

   c.      Improperly and inadequately scoping the damages to the Property during Defendants' investigation; and

   d. Continuing to delay in the payment of damages to the Property, including the roof and interior.

Page 4

• Additionally, Defendants breached its contractual obligation to Plaintiff by continuing to refuse to adequately compensate Plaintiff for the damages to the Property pursuant to the terms of the Policy. Notably, Defendants refused to pay for the proceeds of the Policy despite the fact pre-suit demand for payment in the amount sufficient to cover the damage to the Property was made.

• Plaintiff complied with all obligations under the Policy, and all conditions precedent to recovery upon the Policy have been satisfied.

• Defendants continues to delay in the payment of the damages to the Property despite Plaintiff's request. Accordingly, Plaintiff has not been paid and/or paid in full for the damages to the Property.

• As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain legal counsel to

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 04, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith
Page 3 of 10

.represent Plaintiff with respect to these causes of action.

CAUSES OF ACTION

- Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

## BREACH OF CONTRACT

- Defendants have a contract of insurance with Plaintiff. Defendants breached the terms of that contract by wrongfully denying and/or underpaying the Claim and Plaintiff was damaged thereby.
- Due to Defendants' breach of the contract terms and continual denial/underpayment of this Claim, Plaintiff continues to sustain damages to his Property.
- Defendants' breach proximately caused Plaintiff's injuries and damages.

- Plaintiff has been required by the actions of Defendants to retain the services of               Page 5

     undersigned counsel and have agreed to pay undersigned counsel reasonable attorney's fees.

## UNFAIR SETTLEMENT PRACTICES or DECEPTIVE ACTS OR PRACTICES

- Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.
- Defendants are required to comply with Chapter 541 of the Texas Insurance Code.

- Defendants are liable for its unfair and deceptive acts as defined by TEX. INS. CODE §541.002.
- Defendants violated TEX. INS. CODE §541.060(a) by engaging in unfair settlement practices during the handling of the claim. All of Defendants' violations are actionable pursuant to TEX. INS. CODE §541.151.
- Defendants engaged in the following unfair settlement practices:

  - Pursuant to TEX. INS. CODE §541.060(a)(l), misrepresenting to Plaintiff material facts or Policy provisions relating to the coverage at issue by indicating that the damage to the Property was not covered under the Policy even though it was reasonably clear that the damage was caused by a covered peril.

  - Pursuant to TEX. INS. CODE §541.060(a)(2)(A), failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though Defendants' liability under the Policy was reasonably clear. Specifically, Defendants failed to make an attempt to settle the Claim fairly despite the fact that Defendants were aware of its liability to Plaintiff under the Policy.

    c. Pursuant to TEX. INS. CODE §541.060(a)(l), failing to promptly provide Plaintiff with a *reasonable* explanation of the basis in the Policy, in relation to the facts or applicable law, for defendants' denial of the Claim or offer of a compromise settlement of the Claim. Specifically, Defendants failed to offer Plaintiff adequate compensation for damages to the Property without *reasonable* explanation as to why full payment was not being made.

- Pursuant to TEX. INS. CODE §541.060(a)(4), failing within a reasonable time to affirm or deny coverage of the Claim to Plaintiff or to submit a reservation of rights. Specifically, Plaintiff did not receive a timely

I CERTIFY THIS IS A TRUE COPY
With my Hand and Seal of Office

November 04, 2019

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

*Jamie Smith*

Page 4 of 10

DISTRICT CLERK OF JEFFERSON COUNTY · TEXAS ·

written indication of acceptance or rejection regarding the entire claim.

- Pursuant to TEX. INS. CODE §541.060(a)(7), refusing to pay Plaintiff's Claim without conducting a *reasonable* investigation with respect to the Claim. Defendants' outcome-oriented investigation of the Claim resulted in unfair evaluation of the Damage to Plaintiff's Property.

- Each of the foregoing unfair settlement practices was committed with knowledge by Defendants and was a producing cause of Plaintiff's injuries and damages.
- Specifically, Defendants violated the Texas Deceptive Trade Practices Act ("DTPA") in the following respects:
- Defendants represented that the agreement confers or involves rights remedies, or obligations which it does not have, or involve, or which are prohibited by law.

- Defendants failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed.

- Defendants, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by §17.50(a)(l)(3) of the DTPA, in that Defendants took advantage of Plaintiffs' lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Texas Insurance Code.

- Defendants knowingly committed the acts complained of.   As such, Plaintiff is entitled to exemplary and/or treble damage pursuant to the DTPA and TEX. INS. CODE §541.152(a)-(b).

## MISREPESENTATION OF INSURANCE POLICY VIOLATIONS

- Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

    Page 7

- Additionally, Defendants made misrepresentations about Plaintiff's insurance Policy and Claim in violation of TEX. INS. CODE §541.061. All of Defendants' violations are actionable pursuant to TEX. INS. CODE §541.151.
- Defendants engaged in deceptive insurance practices by making an untrue statement of material fact in violation of §541.061(1). Specifically, Defendants misrepresented the true scope and amount of the Claim despite the existence of obvious and easily identifiable property conditions warranting the extension of further coverage under the Policy.
- Each of the foregoing unfair settlement practices was committed with knowledge by Defendants and was a producing cause of Plaintiff's injuries and damages.

### PROMPT PAYMENT OF CLAIMS VIOLATION

- Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.
- Plaintiff's Claim is a claim under the insurance Policy issued by Defendants, of which Plaintiff gave Defendants proper notice. As set forth more fully below, Defendants' conduct constitutes a violation of the Texas Prompt Payment of Claims Statute, which is made actionable by TEX. INS. CODE §542.
- Specifically, Defendants violated the Prompt Payment of claims provisions of

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

November 06, 2019

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Jamie Smith   Page 5 of 10

TEX. INS. CODE §542 by:

- Failing to acknowledge receipt of Plaintiff's Claim, commence investigation of the Claim, and request from Plaintiff all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, as described above, which constitutes a non prompt payment of claims and a violation of TEX. INS. CODE §542.055;

- Failing to notify Plaintiff in writing of its acceptance or rejection of the full and entire Claim within the applicable time constraints provided by TEX. INS. CODE §542.056; and

Page 8

- Delaying payment of the Claim following Defendants' receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE §542.058. Defendants delayed full payment of the Claim and, to date, Plaintiff still has not receive full payment on the Claim.

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING/BAD FAITH

- Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.
- Since Plaintiff initially presented the Claim to Defendants, the liability of Defendants to pay the full Claim in accordance with the terms of the Policy was reasonably clear. The damage to Plaintiff's home was not apparent until after the loss made the basis of Plaintiff's insurance Claim. It is no coincidence that there was no apparent windstorm, rain, and/or hail damage prior to the loss, and significant damage just after. The wind damage to the property was at all times reasonably clear during Defendants' claim investigation, such that any adjuster or insurance carrier acting in good faith would know or should have known to acknowledge and accept coverage for such damages. Instead, Defendants purposely failed to acknowledge and accept full coverage for reasonably clear wind damage. Alternatively, Defendants were grossly negligent in failing to acknowledge and accept full coverage for the reasonably clear wind damages to the property.
- As a result of Defendants' outcome-oriented investigation, Defendants continues to refuse to pay Plaintiff in full for the Claim.
- Defendants denied coverage and delayed payment for the full amount of Plaintiff's claim when it had no reasonable basis for doing so. Defendants knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, and its failure, as set forth above, to adequately and reasonably investigate and evaluate Plaintiff's Claim, constitutes a

Page 9

breach of the duty of good faith and fair dealing.

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 04, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith   Page 6 of 10

DISTRICT CLERK OF JEFFERSON COUNTY, TEXAS

- The Texas Supreme Court has recognized a "duty on the part of insurers to deal fairly and in good faith with their insureds. That duty emanates not from the terms of the insurance contract, but from an obligation imposed in law 'as a result of a special relationship between the parties governed or created by a contract."' *Viles v. Security Nat. Ins. Co.,* 788 S.W. 2d 566, 567 (Tex. 1990) *(citing Arnold v. National County Mutual Fire Insurance Co.,* 725 S.W. 2d 165 (Tex. 1987)). Therefore, insured can institute a cause of action against insurers for breach of the duty of good faith and fair dealing.

- Defendants and Plaintiff are in a special relationship, created by the insurance contract, giving rise to a duty on the part of Defendants to deal fairly and, in good faith with Plaintiff, who is the insured.

- Defendants breached its duty of good faith and fair dealing by:

  - Failing to provide a reasonable basis for denial or underpayment of the Claim; and /or,

  - Failing to determine whether there was a reasonable basis for denial or delay of the Claim.

  *Arnold,* 725 S.W. 2d at 167.

- Defendants systematically and routinely denies or underpays valid claims to the detriment of its policyholders. As set forth above, the wrongful acts and omissions Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling of these types of claims.

- By virtue of its systematic wrongful denials, Defendants compel its policyholders to seek legal representation and initiate and maintain a suit to recover an amount due under the

  Page 10

  policy by offering nothing or substantially less than the amount that will be recovered by a suit brought by the insured.

- Defendants failed to adopt or implement reasonable standards for prompt investigation of claims arising under its policies or is deliberately adopting standards calculated to maximize its profit to the detriment of its policyholders. Defendants are knowingly directing its personnel, agents and/or adjusters to undervalue or underpay valid claims.

- Defendants knowingly committed the act of denying and/or underpaying claims without a reasonable basis, therefore, Plaintiff is entitled to actual and exemplary damages at law.

  <u>KNOWLEDGE</u>

- Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

- Each of the acts as set forth in each of the afore-mentioned causes of action, together and singularly, were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiff's damages described herein.

  ECONOMIC / ACTUAL DAMAGES

- Plaintiff sustained the following economic / actual damages as a result of the actions and/or omissions of Defendants described hereinabove:

- Out-of-pocket expenses;

- Loss of the "benefit of the bargain."

- Diminished or reduced market value.

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
**November 04, 2019**
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS
*Jamie Smith*

Costs of repairs.

Repair costs and/or costs of completion.

Page 11

- Reasonable and necessary engineering orconsulting fees.

DAMGES

- Plaintiff would show that all the aforementioned causes of action, taken together and singularly, establish the producing causes of the damages sustained by Plaintiff.
- Plaintiff's damages have yet to be fully addressed or repaired since the incident, causing further damage to the Property and causing undue burden to Plaintiff. Upon trial of this case, it will be shown that these damages are a direct result of Defendants' improperly handling of the Claim in violation if the laws set forth above.
- For the breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the Claim, together with attorneys' fees.
- As a result of the noncompliance with the Texas Insurance Code Unfair Settlement Practices provisions, Plaintiff is entitled to actual damages, which includes the loss of the contractual benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorneys' fees. For Defendants' knowing conduct in violating these laws, Plaintiff respectfully requests treble damages pursuant to TEX. INS. CODE §541.152.
- Pursuant to TEX. INS. CODE §542.060, as a result of the noncompliance with the Texas Insurance Code Prompt Payment of Claims provision, Plaintiff is entitled to the entire amount of the Claim, eighteen (18) percent interest per annum on the amount of the Claim and reasonable and necessary attorneys' fees.
- For the breach of the common-law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendants' breach, exemplary damages and damages for emotional distress.


Page 12

- As a result of the necessity in engaging the service of an attorney to prosecute this Claim, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.
- Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff is seeking only monetary relief of $75,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees.

RESERVATION OF APPRAISAL RIGHTS

- By filing this lawsuit herein, Plaintiff does not waive, and expressly reserves his right under the policy to demand an appraisal for determination of the actual cash value amount of loss and replacement cost value amount of loss with respect to the property damage claim Plaintiff asserts in this lawsuit.

AFFIRMATIVE DEFENSES

- *Waiver.* Defendants has waived certain policy conditions, duties imposed on the plaintiff, and terms of coverage of the insurance policy at issue.
- *Contra Proferentum.* Defendants' contracts is unilateral and in the event of ambiguity must be held against the drafter.

CLERK OF JEFFERSON COUNTY, TEXAS · DISTRICT

Witness my Hand and Seal of Office

JURY November 04, 2019

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY , TEXAS

Jamie Smith   Page 8 of 10

- Plaintiff hereby requests that all causes of action alleged herein be tried before a jury, and hereby tender the appropriate jury fee.

REQUEST FOR DISCLOSURE

- Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose the information or material described in Rule 194.2, within 50 days of service of these

Page 13

requests.

- In addition to the content subject to disclosure under Rule 194.2, Plaintiff requests disclosure of all documents, electronic information, and tangible items that the Defendants have in its possession, custody, or control and may use to support Defendants' claims or defenses.

NOTICE OF AUTHENTICATION

- You are advised that pursuant to Tex. R. Civ. P. 193.7, Plaintiff intends to use all documents exchanged and produced between the parties, including but not limited to correspondence and discovery responses during the trial of the above-entitled and numbered cause.

PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that upon trial hereof, final judgment be rendered for Plaintiff as follows:

- Judgment against Defendants for actual damages, including mental anguish, in an amount to be determined by the jury;
- Statutory penalties;

- Treble damages;

- Exemplary and punitive damages;

- Prejudgment interest as provided by law;

- Post-judgment interest as provided by law;

- Attorneys' fees;

- Costs of this suit; and

Page 14

- Such other and further relief to which Plaintiff may be justly entitled.

Respectfully Submitted,

SCHNEIDER WALLACE COTTRELL
KONECKY WOTKYNS LLP

/s/ Edward Batten
Edward Batten
Texas Bar No. 24012252
3700 Buffalo Speedway #960,
Houston, Texas 77098



**I CERTIFY THIS IS A TRUE COPY**
Witness my Hand and Seal of Office

**November 04, 2019**

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

*Jamie Smith*  Page 9 of 10

(713) 338-2560
Fax (866) 505-2560

*Attorneys for Plaintiff, Earnest Shields*

Page 15



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

**November 04, 2019**

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

*Jamie Smith* Page 10 of 10



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

**November 04, 2019**

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

*Jamie Smith*

Certified Document Number: 2108745 Total Pages: 10

**In accordance with Texas Government Code 51.301 electronically transmitted authenticated  documents are valid. If there is a question regarding the validity of this document and or seal   please e-mail districtclerk@co.jefferson.tx.us**

# CIVIL CASE INFORMATION SHEET

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
8/23/2019 10:37 PM
JAMIE SMITH
DISTRICT CLERK
B-204069

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____    COURT *(FOR CLERK USE ONLY)*: _____

STYLED _____

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** Edward BATTEN<br>**Email:** ebatten@schneiderwallace.com | **Plaintiff(s)/Petitioner(s):** Earnest Shields | ☑ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: |
| **Address:** 3700 Buffalo Speedway #960<br>**Telephone:** (713) 242-1740 | | **Additional Parties in Child Support Case:** |
| **City/State/Zip:** Houston, Tx, 77098<br>**Fax:** (415) 421-7105 | **Defendant(s)/Respondent(s):** Wright National Flood Insurance Company | **Custodial Parent:**<br><br>**Non-Custodial Parent:** |
| **Signature:** Edward Batten<br>**State Bar No:** 24012252 | *[Attach additional page as necessary to list all parties]* | **Presumed Father:** |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1):*

| Civil | | | Family Law | |
|---|---|---|---|---|

### Civil

| Contract | Injury or Damage | Real Property |
|---|---|---|
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br><br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☑ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional Liability:<br><br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability List Product:<br><br>☐ Other Injury or Damage: | ☐ Eminent Domain/Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br><br>**Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus—Pre-indictment<br>☐ Other: |

| Marriage Relationship | Post-judgment Actions (non-Title IV-D) |
|---|---|
| ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order |

| Other Family Law | Parent-Child Relationship |
|---|---|
| ☐ Enforce Foreign Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities of Minority<br>☐ Other: | ☐ Adoption/Adoption with Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental Rights<br>☐ Other Parent-Child: |

| Employment | Other Civil | |
|---|---|---|
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: |

| Tax | Probate & Mental Health |
|---|---|
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings<br><br>☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: |

## 3. Indicate procedure or remedy, if applicable *(may select more than 1):*

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

## 4. Indicate damages sought *(do not select if it is a family law case):*

☑ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

DISTRICT CLERK OF
JEFFERSON COUNTY, TEXAS
JAMIE SMITH DISTRICT CLERK
Jamie Smith



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

**November 04, 2019**

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Certified Document Number: 2108746 Total Pages: 1

**In accordance with Texas Government Code 51.301 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail districtclerk@co.jefferson.tx.us**

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
10/1/2019 12:53 PM
JAMIE SMITH
DISTRICT CLERK
B-204369

CAUSE NO.: B-204369

| | | |
|---|---|---|
| EARNEST SHIELDS, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| TEXAS WINDSTORM INSURANCE AGENCY | § | |
| and WRIGHT NATIONAL FLOOD INSURANCE | § | |
| AGENCY, | § | |
| | § | |
| Defendant. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES**, EARNEST SHIELDS hereinafter called Plaintiff, complaining of and about TEXAS WINDSTROM INSURANCE AGENCY and WRIGHT NATIONAL FLOOD INSURANCE COMPANY, hereinafter called Defendants, and for cause of action show unto the Court the following:

## DISCOVERY CONTROL PLAN LEVEL

1.     EARNEST SHIELDS, Plaintiff affirmatively pleads that he seeks only monetary relief no more than $75,000 including damages of any kind, penalties, costs, expenses, pre- judgment interest, and attorney fees, and intend that discovery be conducted under Discovery Level 2.

## PARTIES AND SERVICE

2.     Plaintiff is an individual that owns real property in JEFFERSON County, Texas.

3.     Defendants, TEXAS WINDSTORM INSURANCE AGENCY ("TWIA") and WRIGHT NATIONAL FLOOD INSURANCE COMPANY is an insurance company engaging in the business of insurance in the State of Texas. TWIA may be served with process through its general manager or any other officer or director at its general place of business at 5700 South Mopac Expressway, Building E, Suite 530, Austin, Texas 78749. WRIGHT NATIONAL FLOOD

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 04, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith    Page 1 of 14

INSURANCE COMPANY may be served with process through its general manager, or any other officer or director at its general place of

Business 801 94ᵗʰ Ave., North, Ste 110, St. Petersburg, FL 33702.

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction over this action because Plaintiff seeks damages within the jurisdictional limits of this Court and because the causes of action asserted herein are not subject to exclusive jurisdiction in another Court.

5.  This Court has jurisdiction over TWIA because this TWIA is an insurance company that engages in the business of insurance in Texas, and Plaintiff's cause of action arose out of this TWIA's business activities in Texas.

6.  This Court has jurisdiction over WRIGHT NATIONAL FLOOD INSURANCE COMPANY because this WRIGHT NATIONAL FLOOD INSURANCE COMPANY is an insurance company that engages in the business of insurance in Texas, and Plaintiff's cause of action arose out of this WRIGHT NATIONAL FLOOD INSURANCE COMPANY's business activities in Texas.

7.  Venue in JEFFERSON County is proper in this cause pursuant to Section 17.56 of the Texas Business and Commerce Code and under Section 15.002(a)(l) of the Texas Civil Practice and Remedies Code because a substantial part of the events or omissions giving rise to this lawsuit occurred in JEFFERSON County, Texas. Furthermore, venue is proper in JEFFERSON County, Texas because the insured property is in this county.

## FACTS

8.  Plaintiff is the owner of a Texas Homeowner's Insurance policy (hereinafter referred to as "the Policy"), which as issued by Defendants.

9.  Defendants sold and issued Plaintiff the Policy insuring the property against damages caused by hail, windstorm and other covered perils.

10. During the effective policy period, Plaintiff owned real property with improvements located at 1436 DUFF DR, PORT ARTHUR, TX 77642, located in Jefferson

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 04, 2019

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Jamie Smith   Page 2 of 14

County, Texas (hereinafter referred to as the "Property").

11.     During the effective policy period, the Property described above sustained severe damages to the roof due to the direct force of wind and hail. As a result, the inside of the Property sustained resulting water damage from storm created openings in the roof.

12.     Plaintiff duly notified Defendants of the damage sustained and asked that Defendants pay for the damages to the Property and other damages covered by the terms of the Policy.

13.     Defendants then assigned Plaintiff Claim No. 17 0022775 (hereinafter "the Claim") and assigned an adjuster, agent, representative of Defendants to perform a site inspection of the damages and evaluate and process the Claim.

14.     Defendants improperly adjusted Plaintiff's claim and failed to conduct a reasonable and thorough investigation of the covered damages. Without limitation the report misrepresented the cause of, scope of, and cost to repair the damage to Plaintiff's home, as well as the amount of insurance coverage for Plaintiff's losses under the Policy. Defendants made these and other false representations to Plaintiff, either knowingly or recklessly. Defendants made these false representations with the intent that Plaintiff act in accordance with the misrepresentations. Plaintiff relied on their misrepresentations, including but not limited to, those regarding the cause of, scope of, and cost to repair the damage to Plaintiff's property. Plaintiff has been damaged as a result of that reliance.

15.     The inspection of Plaintiff's Property on SEPTEMBER 15, 2017 was brief, substandard and inadequate. The inspection report failed to include all the damages that were observed during the inspection and undervalued the damages and ultimately denied/underpaid the Claim. Despite the existence of obvious and easily identifiable damages, the report claimed there were minimal storm related damages and the condition of the roof was misrepresented as well as the cause of water intrusion and interior damages. Defendants' liability for the extension of further coverage and further payment was reasonably clear.

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 04, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith   Page 3 of 14

16.     Plaintiff was entitled to receive benefits that were covered by the insurance policy.

17.     However, Defendants performed an outcome-oriented investigation of Plaintiff's Claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the Property. Defendants has delayed payment to Plaintiff for necessary and covered Property damages under the Policy. To date, Defendants has yet to make a full payment on the Claim.

18.     Plaintiff was forced to hire his own representative to inspect and evaluate the obvious damages to the Property that Defendants deliberately ignored to avoid payment on the Claim. Additionally, as a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain an attorney to prosecute the claim for insurance benefits to which he is entitled.

19.     Plaintiff's experience is not an isolated case. The wrongful acts and omissions Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regards to handling these types of claims. Defendants' entire claim process is unfairly designed to reach favorable outcomes for the companies at the expense of the policyholder.

20.     As set forth below, Defendants failed to comply with the Policy, the Texas Insurance Code and Texas law in handling Plaintiff's Claim by:

a.      Wrongfully denying Plaintiff's Claim for full repairs to the Property even though the Policy provides coverage for losses such as those Plaintiff is claiming;

b.      Underpaying some of Plaintiff's Claim by not providing full coverage for damages sustained to the Property;

c.      Improperly and inadequately scoping the damages to the Property during Defendants' investigation; and

d.      Continuing to delay in the payment of damages to the Property, including the roof and interior.

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 04, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS
Jamie Smith   Page 4 of 14

21.     Additionally, Defendants breached its contractual obligation to Plaintiff by continuing to refuse to adequately compensate Plaintiff for the damages to the Property pursuant to the terms of the Policy. Notably, Defendants refused to pay for the proceeds of the Policy despite the fact pre-suit demand for payment in the amount sufficient to cover the damage to the Property was made.

22.     Plaintiff complied with all obligations under the Policy, and all conditions precedent to recovery upon the Policy are satisfied.

23.     Defendants continues to delay in the payment of the damages to the Property despite Plaintiff's request. Accordingly, Plaintiff has not been paid and/or paid in full for the damages to the Property.

24.     As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain legal counsel to represent Plaintiff with respect to these causes of action.

## CAUSES OF ACTION

25.     Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

## BREACH OF CONTRACT

26.     Defendants have a contract of insurance with Plaintiff. Defendants breached the terms of that contract by wrongfully denying and/or underpaying the Claim and Plaintiff was damaged thereby.

27.     Due to Defendants' breach of the contract terms and continual denial/underpayment of this Claim, Plaintiff continues to sustain damages to his Property.

Defendants' breach proximately caused Plaintiff's injuries and damages.

28.     Plaintiff has been required by the actions of Defendants to retain the services of undersigned counsel and have agreed to pay undersigned counsel reasonable attorney's fees.

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

November 04, 2019

JAMIE SMITH , DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

Jamie Smith   Page 5 of 14

## **UNFAIR SETTLEMENT PRACTICES OR DECETIVE ACTS OR PRACTICES**

29.     Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

30.     Defendants are required to comply with Chapter 541 of the Texas Insurance Code.

31.     Defendants are liable for its unfair and deceptive acts as defined by TEX. INS.    CODE §541.002.

32.     Defendants violated TEX. INS. CODE §541.060(a) by engaging in unfair settlement practices during the handling of the claim. All of Defendants' violations are  actionable pursuant to TEX. INS. CODE §541.151.

33.     Defendants engaged in the following unfair settlement practices:

a.      Pursuant to TEX. INS. CODE §541.060(a)(1), misrepresenting to Plaintiff material facts or Policy provisions relating to the coverage at issue by indicating that the damage to the Property was not covered under the Policy even though it was reasonably clear that the damage was caused by a covered peril.

b.      Pursuant to TEX. INS. CODE §541.060(a)(2)(A), failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though Defendants' liability under the Policy was reasonably clear. Specifically, Defendants failed to make an attempt to settle the Claim fairly despite the fact that Defendants were aware of its liability to Plaintiff under the Policy.

c.      Pursuant to TEX. INS. CODE §541.060(a)(1), failing to promptly provide Plaintiff with a *reasonable* explanation of the basis in the Policy, in relation to the facts or applicable law, for defendants' denial of the Claim or offer of a compromise settlement of the Claim. Specifically, Defendants failed to offer Plaintiff adequate compensation for damages to the Property without *reasonable* explanation as to why full payment was not being made.

d.      Pursuant to TEX. INS. CODE §541.060(a)(4), failing within a reasonable time to affirm or deny coverage of the Claim to Plaintiff or to submit a reservation of rights. Specifically, Plaintiff did  not receive a timely, written indication of acceptance or rejection regarding the entire  claim. Pursuant to TEX. INS. CODE §541.060(a)(7), refusing to pay Plaintiff's Claim without conducting a *reasonable* investigation with respect to the Claim. Defendants' outcome-oriented investigation of the Claim resulted in unfair evaluation of the damage to Plaintiff's Property.

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

**November 04, 2019**

JAMIE SMITH , DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

*Jamie Smith*   Page 6 of 14

34.     Each of the foregoing unfair settlement practices was committed with knowledge by Defendants and was a producing cause of Plaintiff's injuries and damages.

35.     Specifically, Defendants violated the Texas Deceptive Trade Practices Act ("DTPA") in the following respects:

1.     Defendants represented that the agreement confers or involves rights remedies, or obligations which it does not have, or involve, or which are prohibited by law.

2.     Defendants failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed.

3.     Defendants, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by §1 7.50(a)(l) (3) of the DTPA, in that Defendants took advantage of Plaintiffs' lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Texas Insurance Code.

36.     Defendants knowingly committed the acts complained of.  As such, Plaintiff is entitled to exemplary and/or treble damage pursuant to the DTPA and TEX. INS. CODE §54 l. 1 52(a)-(b).

**MISREPRESENTATION OF INSURANCE POLICY VIOLATIONS**

37.     Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

38.     Additionally, Defendants made misrepresentations about Plaintiff's insurance Policy and Claim in violation of TEX. INS. CODE §541.061. All of Defendants' violations are actionable pursuant to TEX. INS. CODE §541.151.

39.     Defendants engaged in deceptive insurance practices by making an untrue statement of

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
**November 04, 2019**

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Jamie Smith

material fact in violation of §541.061(1). Specifically, Defendants misrepresented the true scope and amount to compensate the existence of obvious and easily identifiable property conditions

warranting the extension of further coverage under the Policy.

40.    Each of the foregoing unfair settlement practices was committed with knowledge by Defendants and was a producing cause of Plaintiff's injuries and damages.

## PROMT PAYMENT OF CLAIMS VIOLATION

41.    Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

42.    Plaintiff's Claim is a claim under the insurance Policy issued by Defendants, of which Plaintiff gave Defendants proper notice. As set forth more fully below, Defendants' conduct constitutes a violation of the Texas Prompt Payment of Claims Statute, which is made actionable by TEX. INS. CODE§542.060.

43.    Specifically, Defendants violated the Prompt Payment of claims provisions of TEX. INS. CODE §542 by:

   a.    Failing to acknowledge receipt of Plaintiff's Claim, commence investigation of the Claim, and request from Plaintiff all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, as described above, which constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055;

   b.    Failing to notify Plaintiff in writing of its acceptance or rejection of the full and entire Claim within the applicable time constraints provided by TEX. INS. CODE §542.056; and

   c.    Delaying payment of the Claim following Defendants' receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE §542.058. Defendants delayed full payment of the Claim and, to date, Plaintiff still has not receive full payment on the Claim.



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
**November 04, 2019**
JAMIE SMITH , DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS
Jamie Smith   Page 8 of 14

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING/BAD FAITH

44.     Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

45.     Since Plaintiff initially presented the Claim to Defendants, the liability of Defendants to pay the full Claim in accordance with the terms of the Policy was reasonably clear. The damage to Plaintiff's home was not apparent until after the loss made the basis of Plaintiff's insurance Claim. It is no coincidence that there was no apparent windstorm, rain, and/or hail damage prior to the loss, and significant damage just after. The wind damage to the property was at all times reasonably clear during Defendants' claim investigation, such that any adjuster or insurance carrier acting in good faith would know or should have known to acknowledge and accept coverage for such damages. Instead, Defendants purposely failed to acknowledge and accept full coverage for reasonably clear wind damage. Alternatively, Defendants were grossly negligent in failing to acknowledge and accept full coverage for the reasonably clear wind damages to the property.

46.     As a result of Defendants' outcome-oriented investigation, Defendants continues to refuse to pay Plaintiff in full for the Claim.

47.     Defendants denied coverage and delayed payment for the full amount of Plaintiff's claim when it had no reasonable basis for doing so. Defendants knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, and its failure, as set forth above, to adequately and reasonably investigate and evaluate Plaintiff's Claim, constitutes a breach of the duty of good faith and fair dealing.

48.     The Texas Supreme Court has recognized a "duty on the part of insurers to deal fairly and in good faith with their insureds. That duty emanates not from the terms of the insurance contract, but from an obligation imposed in law 'as a result of a special relationship between the parties governed or created by a contract.'" *Viles v. Security Nat. Ins. Co.,* 788 S.W. 2d 566, 567 (Tex. 1990) (citing *Arnold v. National County Mutual Fire Insurance Co.,* 725 S.W. 2d 165 (Tex. 1987)). Therefore, courts constitute a cause of action against insurers for breach of the duty of good faith

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office.
November 04, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
*Jamie Smith*

and fair dealing.

49.    Defendants and Plaintiff are in a special relationship, created by the insurance contract, giving rise to a duty on the part of Defendants to deal fairly and, in good faith with Plaintiff, who is the insured.

50.    Defendants breached its duty of good faith and fair dealing by:

    a.    Failing to provide a reasonable basis for denial or underpayment of the Claim; and /or,

    b.    Failing to determine whether there was a reasonable basis for denial or delay of the Claim.

*Arnold,* 725 S.W. 2d at 167.

51.    Defendants systematically and routinely denies or underpays valid claims to the detriment of its policyholders. As set forth above, the wrongful acts and omissions Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling of these types of claims.

52.    By virtue of its systematic wrongful denials, Defendants compel its policyholders to seek legal representation and initiate and maintain a suit to recover an amount due under the policy by offering nothing or substantially less than the amount that will be recovered by a suit brought by the insured.

53.    Defendants failed to adopt or implement reasonable standards for prompt investigation of claims arising under its policies or is deliberately adopting standards calculated to maximize its profit to the detriment of its policyholders. Defendants are knowingly directing its personnel, agents and/or adjusters to undervalue or underpay valid claims.

54.    Defendants knowingly committed the act of denying and/or underpaying claims without a reasonable basis, therefore, Plaintiff is entitled to actual and exemplary damages at law.



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
**November 04, 2019**
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
*Jamie Smith* Page 10 of 14

## KNOWLEDGE

55.     Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

56.     Each of the acts as set forth in each of the afore-mentioned causes of action, together and singularly, were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiff's damages described herein.

## ECONOMIC / ACTUAL DAMAGES

57.     Plaintiff sustained the following economic *I* actual damages as a result of the actions and/or omissions of Defendants described hereinabove:

    (a)     Out-of-pocket expenses;

    (b)     Loss of the "benefit of the bargain."

    (c)     Diminished or reduced market value.

    (d)     Costs of repairs.

    (e)     Remedial costs and/or costs of completion.

    (f)     Reasonable and necessary engineering or consulting fees.

## DAMAGES

58.     Plaintiff would show that all the aforementioned causes of action, taken together and singularly, establish the producing causes of the damages sustained by Plaintiff.

59.     Plaintiff's damages have yet to be fully addressed or repaired since the incident, causing further damage to the Property and causing undue burden to Plaintiff. Upon trial of this case, it will be shown that these damages are a direct result of Defendants' improperly handling of the Claim in violation if the laws set forth above.

60.     For the breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the Claim, together with a t t o r n e y s' fees.

61.     As a result of the noncompliance with the Texas Insurance Code Unfair Settlement Practices provisions, Plaintiff is entitled to actual damages, which includes the loss of the contractual

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
**November 04, 2019**

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

*Jamie Smith*
Page 11 of 14

benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorneys' fees. For Defendants' knowing conduct in violating these laws, Plaintiff respectfully requests treble damages pursuant to TEX. INS. CODE §541.152.

62.    Pursuant to TEX. INS. CODE §542.060, as a result of the noncompliance with the Texas Insurance Code Prompt Payment of Claims provision, Plaintiff is entitled to the entire amount of the Claim, eighteen (18) percent interest per annum on the amount of the Claim and reasonable and necessary attorneys' fees.

63.    For the breach of the common-law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendants' breach, exemplary damages and damages for emotional distress.

64.    As a result of the necessity in engaging the service of an attorney to prosecute this Claim, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

65.    Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff is seeking only monetary relief of $75,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees.

## RESERVATION OF APPRAISAL RIGHTS

66.    By filing this lawsuit herein, Plaintiff does not waive, and expressly reserves his right under the policy to demand an appraisal for determination of the actual cash value amount of loss and replacement cost value amount of loss with respect to the property damage claim Plaintiff asserts in this lawsuit.

## AFFIRMATIVE DEFENSES

67.    ***Waiver.*** Defendants has waived certain policy conditions, duties imposed on the plaintiff, and terms of coverage of the insurance policy at issue.

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
**November 04, 2019**
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith   Page 12 of 14

**68.**     ***Contra Proferuntum.*** Defendants' contracts is unilateral and in the event of ambiguity must be held against the drafter.

## JURY DEMAND

69.     Plaintiff hereby requests that all causes of action alleged herein be tried before a jury, and hereby tender the appropriate jury fee.

## REQUEST FOR DISCLOSURE

70.     Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose the information or material described in Rule 194.2, within 50 days of service of these requests.

71.     In addition to the content subject to disclosure under Rule 194.2, Plaintiff requests disclosure of all documents, electronic information, and tangible items that the Defendants have in its possession, custody, or control and may use to support Defendants' claims or defenses.

## NOTICE OF AUTHENTICATION

72.     You are advised that pursuant to Tex. R. Civ. P. 193.7, Plaintiff intends to use all documents exchanged and produced between the parties, including but not limited to correspondence and discovery responses during the trial of the above-entitled and numbered cause.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that upon trial hereof, final judgment be rendered for Plaintiff as follows:

1)      Judgment against Defendants for actual damages, including mental anguish, in an

amount to be determined by the jury;

2)      Statutory penalties;

3)      Treble damages;

4)      Exemplary and punitive damages;

5)      Prejudgment interest as provided by law;

        Postjudgment interest as provided by law;





I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
**November 04, 2019**

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

*Jamie Smith*           Page 13 of 14

7)    Attorneys' fees;

8)    Costs of this suit; and

9)    Such other and further relief to which Plaintiff may be justly entitled.

Respectfully Submitted,
SCHNEIDER WALLACE COTTRELL
KONECKY WOTKYNS LLP

/s/ Edward Batten
Edward Batten
Texas Bar No. 24012252
3700 Buffalo Speedway #960,
Houston, Texas 77098
(713) 338-2560
Fax (866) 505-2560

***Attorneys for Plaintiff, Earnest Shields***



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

**November 04, 2019**

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Jamie Smith  Page 14 of 14



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

**November 04, 2019**

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Jamie Smith

Certified Document Number: 2127231 Total Pages: 14

**In accordance with Texas Government Code 51.301 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail districtclerk@co.jefferson.tx.us**